| 211 | 189 |
| f215 | 135 |

## City of Philadelphia to use *v.* Hood, Appellant.

*Municipalities—Contracts—Delay in accepting bid—Rights of contractor and owner.*

Where a municipality delays for an unreasonable time in accepting a bid for a municipal contract, the contractor or owner may object, if either is prejudiced by the delay; but where a municipality after a delay of five years accepts a bid and awards a contract, and the contractor undertakes and completes the work, a property owner cannot object unless he affirmatively shows that he is called upon to pay more than he would have been required to pay if the contract had been awarded on proposals advertised for in the year in which the work was done.

Argued Jan. 4, 1905. Appeal, No. 102, Jan. T., 1904, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1898, No. 108, M. L. D., on verdict for plaintiff in case of City of Philadelphia to use of John M. Mack v. James E. Hood, Registered Owner. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Scire facias sur municipal lien.

From the record it appeared that the defendant filed a special plea which was as follows:

And for a further plea the said defendant says that the contract for the paving, for which this lien is filed, was not awarded according to law, the proposal therefor not having been advertised as required by the ordinance and by the acts of assembly.

The only authority for this paving was an ordinance of councils of the city of Philadelphia, approved July 8, 1891 (ordinances of 1891, page 268), which provides as follows:

" That the director of the department of public works be, and is hereby, authorized and directed to enter into a contract with a competent paver or pavers for the paving of East Mount Pleasant avenue, from Germantown avenue to the Reading Railroad, with vitrified brick, without a sewer being first constructed, cost to the city not to exceed $2,450. . . . The conditions of which shall be that the contractor or contractors shall collect the cost of said paving from the owners of property respectively fronting on said streets, and shall also enter into an obligation to the city to keep said streets in good repair for three years after the paving is finished ; provided, said streets shall be first dedicated or properly opened, and that the director of the department of public works first advertise for proposals for paving said streets, and award the contract to the lowest bidder; and that the owners of property fronting on said streets shall not be charged more than the contract price."

The work authorized by this ordinance was advertised on February 11, 1892, and bids were received on February 24, 1892, including the bid of John M. Mack, the use plaintiff in this case, and no subsequent advertising for said work was made and no further proposals for the same were thereafter received by the said city, nor was any contract then made with the use plaintiff.

More than five years afterwards, to wit : on June 23, 1897, without any further advertising for proposals and without the receipt of any others, a contract for this paving was entered into by the director of public works with said John M. Mack, who subsequently proceeded to pave the said street.

The proposal or bid of the said John M. Mack for this work is attached to the contract and is marked " 2-24-92."

By reason of which facts it appears that no advertisement was made in respect to bids for this work, and no proposals for the same were received for a period of more than five years before the said contract was made, and the property owners were thereby deprived of the benefit of more advantageous bidders who might subsequently have been willing to bid upon the same.

And this the defendant is ready to verify.

The plaintiffs demurred as follows :

And the said plaintiffs, according to the form of the statute

in such case made and provided, state and say to the court the following causes of demurrer to the said plea:

1. That the facts in the said plea contained, if proved as therein alleged, are no defense to the case of the said plaintiff.

2. Because the said plea is in every respect uncertain, informal and insufficient.

The court sustained the demurrer. The case went on to trial and resulted in a verdict of $1,549.98 upon which judgment was entered.

*Error assigned* was in sustaining demurrer to plea.

*Frank P. Prichard*, with him *Charles E. Ingersoll*, for appellant.—The property owner has a clear right to insist upon a condition in the ordinance which was inserted for his benefit: Phila. v. Jewell, 135 Pa. 329; Philada. v. R. R. Co., 88 Pa. 314.

Where the law requires that contracts for certain municipal work shall only be made after due advertisement and to the lowest bidder, neither the municipality nor its officers can make a binding contract unless in this prescribed manner: Addis v. Pittsburg, 85 Pa. 379; Fell v. Phila., 81 Pa. 58.

*E. O. Michener*, for appellee.—There are no authorities upon this question because it has never been raised; nor has there ever been any thought in the mind of anyone that it was not entirely within the discretion of the director to make the contracts when he thought the time was ripe, and to order the work to be done whenever, in his discretion, he believed the time had arrived for doing it. The only case which leans at all toward a discussion of this question is Keith v. City of Philadelphia, 126 Pa. 575.

OPINION BY MR. JUSTICE BROWN, March 20, 1905:

On February 24, 1892, the use plaintiff submitted a bid to the city of Philadelphia for paving East Mount Pleasant avenue from Germantown avenue to the Reading Railroad. It was submitted in response to an advertisement for proposals to do the work, which had been authorized by an ordinance approved July 8, 1891. This provided that the streets to be

paved should "be first dedicated or properly opened, and that the director of the department of public works first advertise for proposals for paving said streets, and award the contract to the lowest bidder; and that the owners of property fronting on said streets shall not be charged more than the contract price." By a special plea the appellant averred that the contract had not been awarded according to law, because there had been no further advertisement after February 11, 1892, and it was, therefore, unlawful for the city, more than five years afterwards—on June 23, 1897—to award the contract to the appellee on his bid made February 24, 1892. To the plea a demurrer was filed and sustained by the court below. This action of the court is the only error assigned, and the single question is whether, under the facts as set forth in the special plea, the city did unlawfully award the contract to the appellee more than five years after he had submitted his bid.

It is contended that the direction of the ordinance that the director of public works shall "first advertise for proposals for paving said streets, and award the contract to the lowest bidder," is to be interpreted as meaning that the advertisement shall bear some reasonable relation to the time of the making of the contract, and that, as the time which intervened between the receipt of the bid and the awarding of the contract in this case was unreasonable, it had not been awarded in compliance with the ordinance. It does seem but right that after bids have been received from contractors in response to advertisements relating to public improvements, action on them should not be unduly delayed. Proposals are made on the basis of the prices of material and labor at the time of the advertisement for the bids, and, unless the contrary appears in the advertisement, it is to be presumed that the contract is to be awarded and the work done at or within a reasonable time. After undue and unreasonable delay in acting upon his bid, if a proposed contractor should be unwilling to be bound by it, he ought not to be held to it, if, at the time of its acceptance, the prices for labor and material upon which he based it have risen. But the contractor is not here complaining. He entered into the contract years after his bid had been submitted, though he might have been relieved from it for the reason stated. What is true of him ought to be and is equally true of the owner of

property taxed for the payment of municipal improvements; and if it appeared by the special plea that this appellant's share of the burden would have been less, if, in 1897, when the work was done by the contractor, bids could have been received for a less sum, he ought to be heard in his complaint of the unlawfulness of the award of the contract, for the city, not only in the light of a reasonable interpretation of the ordinance, but upon the principle of fair and honest dealing with those who must pay the cost of street improvements, ought not to be permitted after years of delay to award a contract on a bid in excess of one that might be submitted at the time the improvements are made. Such, however, is not the situation as presented here. From all that can be gathered from appellant's plea, the effect of the city's acceptance of the bid in 1897, so far as he is concerned, is the same as if it had been accepted in 1892, and the work delayed until 1897. In November of that year it was completed. The property of the appellant was benefited by it, and he does not aver, and it is, therefore, safe to assume that he cannot, that he has been in any way injured by the delay in awarding the contract, or that he is now called upon to pay more than he would have been required to pay if proposals had been advertised for in 1897 and the contract awarded on bids then submitted. For the reason that it does not appear from the special plea that the defendant was in any way prejudiced by the delay of which he complains, the demurrer to it was properly sustained.

Judgment affirmed.