# Reading City *v.* Reading and Southwestern Street Railway Company, Appellant.

*Street railways—Paving streets—Municipalities.*

Where, in an action by a city against a street railway company to recover the cost of repaving part of a street, it appears that the company failed to do the work after thirty days' notice as required by ordinance, the company cannot, without showing actual loss, defend on the ground that under the ordinance its obligation was only to repave its portion at the time the city was repaving the rest, and that the city did not do its portion of the work until several months after the expiration of the notice, and that competition was limited to two kinds of asphalt instead of three as provided by ordinance.

Argued Feb. 26, 1906. Appeal, No. 226, Jan. T., 1905, by defendant, from judgment of C. P. Berks Co., Aug. T., 1903, No. 2, on verdict for plaintiff in case of City of Reading v. Reading and Southwestern Street Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit to recover the cost of repaving part of a street.

The defendant presented the following points :

The notice which the city of Reading gave to the defendant company to pave with asphalt between the rails and outside thereof to the limit of the sills (known as the right of way) the parts of streets in question, in conformity with the provisions of the ordinance approved March 9, 1894, must be construed with reference to the provisions of the said ordinance, and the said ordinance being to the effect that street railway companies shall pave, repair or repave the portions of streets occupied by them, with the same kind of material with which the city paves, repairs or repaves, and at the time when the city does the work, and the said ordinance being also to the effect that when the city paves, repairs or repaves any street, it shall be the duty of railway companies, after notice served upon them pursuant to the action of councils, to pave, repair or repave the said portions of streets as aforesaid, within thirty days, and upon their refusal or neglect so to do councils shall order the said work to be done at the cost of the railway com-

pany; the city must have at the time of the giving of the said notice been actually paving, repairing or repaving the said streets outside of the portions occupied by the defendant railway company, or at least must have been prepared to start the said work, so that the railway company could do its part of the work at the time when the city should do the remainder of the work, and the city having at the time of the giving of the said notice not been ready to proceed with its part of the work and in fact not having then any contract for that purpose, and not having then even advertised for bids therefor, or finally determined the quality of material to be used the notice was not the one contemplated by the said ordinance, and was nugatory, and there was, therefore, in contemplation of law no notice to the defendant company to pave, repair or repave the said portions of streets. *Answer :* Reserved and not read to the jury.

The notice which the city of Reading gave to the defendant company to pave with asphalt between the rails and outside thereof to the limits of the sills (known as the right of way) the parts of streets in question, in conformity with ordinances of March 9, 1894, and April 22, 1898, must be construed with reference to the provisions of the said ordinances and the ordinance of April 22, 1898, aforesaid, being to the effect that the streets named therein embracing the portions thereof occupied by the defendant company, shall be paved with sheet asphaltum which must be equal in quality to Alcatraz, Trinidad or Bermudez asphalt, and the city of Reading having subsequently to the giving of the said notice to the defendant company, that is to say, on August 11, 1898, by ordinance amending the ordinance of April 22, 1898, aforesaid, and striking out one of the species of asphalt, viz.: Alcatraz, named as a standard in the earlier ordinance, thus limiting competition and creating a basis for the doing of the work different from that upon which the notice was given to the defendant company, whereby the notice so given to the defendant company became inapplicable and nugatory, and the defendant company having elected to allow the city to do the work on the basis of the original ordinance with three grades or kinds of asphalt in competition with each other, the city after such election by the defendant company, changed the basis for the work without giving the defendant company further notice, thus depriving the

defendant company of an election to do the work upon the new basis, and the defendant company being so deprived of an opportunity itself to do the said work, the city cannot recover from the defendant company any part of the cost thereof under a contract with respect to which the defendant company was not consulted, to which the defendant company was not a party, and to which the defendant company had no opportunity of becoming a party. *Answer :* Reserved (and not read to jury).

Verdict and judgment for plaintiff for $3,418.05. Defendant appealed.

*Error assigned* was in entering judgment on the verdict for plaintiff.

*Cyrus G. Derr*, for appellant.

*Isaac Hiester*, with him *William J. Rourke*, for appellee cited: Philadelphia v. Hood, 211 Pa. 189.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 7, 1906 :

Appellant being under obligation to keep the street pavement within its right of way in repair received a notice to repave the same with asphaltum within thirty days; and, paying no attention to the matter, the city did the work and now sues for the cost.

The jury have found that the pavement on the parts of the streets in question was out of repair, and it is not contested that the new pavement directed was within the authority of the city under the ordinances to require when the city itself should pave the rest of the streets in the same manner. But appellant makes defense on two points, first, that under the ordinance its obligation was only to repave its portion at the time the city was repaving the rest, whereas by the notice in the present case it was required to do its work in thirty days, though the city did not intend and in fact did not do its portion until several months later. Secondly, that the ordinance having specified that the asphalt should be equal in quality to Alcatraz Trinidad or Bermudez, appellant in electing to let the city do the whole work had a right to rely on the competition between these three kinds to secure a moderate price, etc.,

whereas after the notice to appellant the city had changed the standard of asphalt by throwing out Alcatraz and limiting the competitive bids to the other two kinds.

Either of these grounds would have been good as a basis of defense, at least pro tanto to the extent of injury to appellant, but neither, nor both together, amounted without more to a bar to the action. It was necessary for the defendant to go further and show some loss or disadvantage to itself. For all that appears the time may have been the most advantageous and the materials the least expensive that could have been selected. The provision of the ordinance that the appellant might be called upon to repair at the time the city should be doing its part was not a strict limit on the city's power as if it was an acceptance of an option or the demand of a debt due on a day certain. It meant that there was to be reasonably concurrent action by the two bodies in the improvement which it was their joint duty to make. So, too, the reduction of the kinds of asphalt from three to two was not in itself such an entire change of the plan of paving as to require a new notice to appellant and a new opportunity to make an election. Under the ordinance the primary duty of the appellant was to do the repaving itself upon receipt of notice. But it chose to avail itself of the stipulated alternative and let the city do the whole. It might have raised the objections then, but it did nothing. Thereby it accepted the provision that it should repay the city the cost of its share of the work unless it could show that it had been subjected to loss by the city's departure from the letter of the ordinance. No attempt was made to do this. The principles applicable are fully discussed in the recent analogous case of City of Philadelphia v. Hood, 211 Pa. 189, which sustains the action of the court below.

Judgment affirmed.